ERASMO SÁNCHEZ, Plaintiff and Appellant, *v.* MILAGROS ROSARIO, Defendant and Appellee.

No. 8058. Argued April 19, 1940.—Decided April 22, 1940.

*Gaspar Rivera Cestero* for appellant. The appellee failed to appear.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The question submitted for determination in the present appeal is whether the evidence before the trial judge justified

his conclusion that the plaintiff failed to show the final resolve of the defendant not to live any longer with him. The judgment appealed from reads as follows:

"On the 28th of April, 1939, this case was called for trial, as set in the special calendar of civil cases to be tried on that day, a friday. The plaintiff appeared personally and through his attorney who stated to be ready for trial. The defendant failed to appear notwithstanding having had her name called out by the marshal, and her default appears duly entered. The trial was had and the court took the case under advisement.

"It does not appear from the evidence heard that the desertion of the husband by the wife is final or that her intention not to live again with her husband has been duly established. Neither the plaintiff nor any of the witnesses testified to have knowledge of such intention. On this important particular it was only stated on hearsay that the plaintiff's mother had spoken to the defendant and that the latter had told her that she (the wife) was not going to live again with the plaintiff. The plaintiff's mother was not called to the stand at the trial and it does not appear that the witnesses or either of them were present when the alleged statements were made and heard by them.

"Therefore, the court finds for the defendant, without costs."

██ The evidence for the plaintiff consisted of his own testimony, of that of his father José Sánchez Nieves, and that of Félix Vargas. The plaintiff testified that upon reaching home one afternoon after the day's work he failed to find his wife at home and was told that she had gone to her mother's house about three or four kilometers away; that plaintiff's mother went and asked her to come back to live with him, to which she answered that she would not return. The plaintiff personally did not take any step to that effect; it further appearing from his own testimony that he went to the home of his mother-in-law to see the child born of the marriage and that he saw his wife there, but that they did not speak to each other.

The plaintiff's father only knows from hearsay that his wife went and asked his daughter-in-law to return to the home; and Félix Vargas, on being asked whether he knew

if the plaintiff had taken any steps for that same purpose, answered: "He sent a message to her by his own mother to ask her to return to the home and she says that she will not return."

Apart from the fact of the separation, no other act or statement appears from the complaint revealing her firm resolve not to live again with the plaintiff. The references made by the witnesses to the call made by plaintiff's mother upon the defendant are hearsay evidence which could not deserve any credit on the part of the lower court. But even granting that the court had meant to give credence to the same, in the absence of a recital of the conversation which took place between them the court could not determine whether or not the conclusion which the plaintiff's mother is credited with was indeed correct. See *Parés* v. *Echandi*, 55 P.R.R. 156, in which the decisions on the matter are analyzed.

As it does not appear that the lower court committed the error assigned, the appeal shall be dismissed and the judgment appealed from affirmed.